Martha G. Bronitsky, #127583
Chapter 13 Standing Trustee
Sarah Velasco, #255873, Staff Attorney
Brisa C. Ramirez #261480, Staff Attorney
PO Box 5004
Hayward, CA 94540
(510) 266-5580
13trustee@oak13.com

**THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SANTA ROSA DIVISION**

| | |
|---|---|
| **In re**<br><br>  **Jaime Tellier**<br><br><br>                Debtors | **Chapter 13 Case No. 26-10137-DM 13**<br><br><br> Chapter 13 Trustee's Initial Notice of Deficiencies and Objection to Confirmation of Chapter 13 Plan |

| **Plan Objection Information** |
|---|

Chapter 13 Trustee ("Trustee") Objects To:  Chapter 13 Plan
Filed: April 03, 2026
Docket#: 22

| **Motion To Dismiss Information** |
|---|

☐ Trustee Seeks To Dismiss or Convert the Case
Notwithstanding the motion herein, Trustee may file a concurrent motion to dismiss with 21 days' notice pursuant to Local Bankruptcy Rule 9014-1(b)(3)A) which may result in dismissal of the above captioned case in the absence of a timely response.

**(See II. Motion To Dismiss Below)**

| **Case Information** |
|---|

Petition Filed: March 10, 2026          Attorney Name: LAW OFFICE OF ALLAN J CORY

Case: 26-10137   Doc# 23   Filed: 04/09/26   Entered: 04/09/26 15:09:08   Page 1 of 6

## I. Objection

Martha G. Bronitsky, Chapter 13 Trustee in the above referenced matter, opposes confirmation of the Chapter 13 Plan on the following grounds:
* Pursuant to Bankruptcy Local Rule 3015-1, an objection to a plan will be considered an objection to all subsequent versions and amendments until the objection is withdrawn or the objecting party fails to appear at a hearing on confirmation

## (A) Chapter 13 Plan 11 U.S.C. 1322, 1324, 1325 and 1326

☑ (1) The plan fails to provide for submission of all or such portion of future earnings or other future income to the supervision and control of the Trustee as is necessary for execution of the plan. [11 U.S.C.§1322(a)]

Facts: Schedule I lists income from a business; the debtor must provide the Trustee with a complete Business Exam Questionnaire and the requested documents in order to verify income. Schedule I, line 8a, reflects business income; line 8a requires that an attachment with gross income and expenses be filed. A separate attachment must be filed if debtor also has rental income

☐ (2) The plan fails to provide for the full payment, in deferred cash payments, of all claims entitled to priority under 507 of this title [11 U.S.C.§1322(a)]

Facts:

☐ (3) The plan fails to provide for the same treatment of claims classified within a particular class. [11 U.S.C.§1322(a)]

Facts:

☐ (4) The plan unfairly discriminates between a class or classes of unsecured claims. [11 U.S.C.§1322(b)]

Facts:

☐ (5) The plan impermissibly modifies the claim of the creditor secured only by a security interest in real property that is the Debtor's principal residence. [11 U.S.C.§1322(b)]

Facts:

☐ (6) The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 on this title on such date. [11 U.S.C.§1325(a)(4)]

Facts:

☑ (7) The plan is not feasible. Debtor will not be able to make all payments under the plan and comply with the plan. [11 U.S.C.§1325(a)(6)]

Facts: Debtor's plan payment is $500; however, per Schedule J, debtor has negative monthly income of -$1,152.

☐ (8) The Debtor has not paid all domestic support obligation as required by 11 U.S.C.§1325(a)(8).

Facts:

☐ (9) The Debtor has not filed all applicable tax returns required by 11 U.S.C. §1325(a)(9)

Facts:

☐ (10) The plan does not provide for the payment of equal monthly amounts to allowed secured claims. [11 U.S.C.§1325(a)(B)(ii)(I)]

Facts:

☐ (11) The plan has not been proposed in good faith [11 U.S.C. 1325(a)(3)] and/or the action of the Debtor in filing the petition was in bad faith. [11 U.S.C.§1325 (a)(7)]

Facts:

☐ (12) The plan provides for payments to creditors for a period longer than five (5) years [11 U.S.C.§1322(d)]

Facts:

☐ (13) With respect to each allowed secured claim provided for by the plan, the plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed amount of such claim. [11 U.S.C.§ 1325(a)(5)(B)(ii)]

Facts:

☐ (14) The plan does not provide for all of the Debtor's projected disposable income ("DMI") to be applied to unsecured creditors under the plan purusant to 11 U.S.C. 1325 (b).

Facts:

☑ (15(a)) Other: Incomplete Schedules

Facts: Schedule A/B: q. 1: should specify type of property for 1.2 and 1.4; q. 19 needs to disclose interest in Tellier's Timbers Sawmilling; q. 34 needs to list an estimated dollar value for the pending lawsuit. Statement of Financial Affairs: q. 9 should disclose status of the case.

☐ (15(b)) Other:

Facts:

| **(B) Local Rules and General Orders** |
| --- |

☑ (16) Debtor failed to utilize, or failed to properly complete, the Mandatory Form Plan for Chapter 13 cases filed or converted to Chapter 13 on or after January 1, 2023.

Facts: Debtor's last name is spelled incorrectly in the plan. Section 2.2 needs to be completed. Section 10 fails to include the Chapter 13 Trustee's standard sale language. Additionally, if the plan is to be paid in full via the sale of the real properties, the plan term should be reduced to 5 months. The plan should provide for any funds received from settlement of the lawsuit listed in Schedule A/B q. 34 to be turned over to the Chapter 13 Trustee within 2 weeks of receipt.

☐ (17) Debtor failed to file and serve a motion to value collateral and obtain an order or has otherwise failed to value collateral as part of or "through" the plan.

Facts:

☑ (18) The plan provision regarding Debtor's Attorney's fees fails to comply with General Order 35 or the existing Guidelines for Payment of Attorney's Fees in Chapter 13 cases.

Facts: The Chapter 13 plan elects to comply with General Order 35, but Debtor's attorney has not filed the Initial fee application with the court

☑ (19) Other: Service of Plan

Facts: The debtor's plan was filed after the Notice of Bankruptcy was issued and therefore was not served to all creditors with the Notice of Bankruptcy. Trustee requests the debtor file a notice regarding the plan pursuant to Bankruptcy Local Rule 3015-1(b)(1) (giving 28 days' notice to file objections) and that a certificate of service evidencing service of the notice and plan be filed with the Court.

| **II. Motion to Dismiss or Convert Chapter 13 Case** |
| --- |

The Trustee seeks dismissal or conversion of this case pursuant to 11 U.S.C. § 1307(c) on the following grounds:

☐ (1) Unreasonable delay by the Debtor that is prejudicial to creditors.

Facts:

☐ (2) Payments to the Trustee are not current under the Debtor's proposed plan.

Facts:

☐ (3) Failure to confirm a plan.


Facts:

☐ (4) Failure of the Debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.
Facts:

☐ (5) Failure to provide documents and information (Schedules, Statement of Financial Affairs, payment advices, etc...) to the Trustee as required by 11 U.S.C. § 521(a)(1),(3),or (4). [11 U.S.C. § 1307(c); 11 U.S.C. 521].


Facts:

☐ (6) Other cause:

Facts:

## III. Trustee's Recommendation/Analysis

☑ The current plan is not confirmable and an amended plan will be required to be filed.

☐ No confirmable plan can be filed based on the facts of this case.

☐ Other:


***Note: If you have questions, please contact Carolina Urbina by email at curbina@oak13.com.


**WHEREFORE,** the Trustee requests:

☑ That the Trustee's objection to confirmation of the plan be sustained.

☐ That the Trustee's objection to confirmation of the plan be sustained and a bar date to achieve confirmation be set.

☐ That the Debtor's case be dismissed or converted.

Such other and further relief as the court deems proper.


Date: April 09, 2026

/s/ Trustee Martha G. Bronitsky
Trustee Martha G. Bronitsky
Chapter 13 Standing Trustee

I HEREBY CERTIFY that I have served a copy of the within and foregoing document on the Debtor, Counsel for Debtor, and if applicable, the Creditor, Creditor representatives and the registered agent for the Creditor by depositing it in the United States Mail with First Class postage attached thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 09, 2026

/s/ Olga Gonzalez

Olga Gonzalez

Jaime Tellier
12847 Dunbar Rd
Glen Ellen,CA 95442

Law Office Of Allan J Cory
740 - 4Th St
Santa Rosa,CA 94504

Debtor

(Counsel for Debtor)