Martha G. Bronitsky, #127583
Chapter 13 Standing Trustee
Sarah Velasco, #255873, Staff Attorney
Brisa C. Ramirez #261480, Staff Attorney
PO Box 5004
Hayward, CA 94540
(510) 266-5580
13trustee@oak13.com

## THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

| In re | Chapter 13 Case No. 26-10137-DM 13 |
|---|---|
| **Jaime Edward Tellier** | |
| Debtors | Chapter 13 Trustee's Objection to Amended Chapter 13 Plan and Motion to Dismiss |

### Plan Objection Information

Chapter 13 Trustee ("Trustee") Objects To:  Amended Chapter 13 Plan
Filed: April 30, 2026
Docket#: 37

### Motion To Dismiss Information

☐ Trustee Seeks To Dismiss or Convert the Case
Notwithstanding the motion herein, Trustee may file a concurrent motion to dismiss with 21 days' notice pursuant to Local Bankruptcy Rule 9014-1(b)(3)A) which may result in dismissal of the above captioned case in the absence of a timely response.

**(See II. Motion To Dismiss Below)**

### Case Information

Petition Filed: March 10, 2026                    Attorney Name: LAW OFFICE OF ALLAN J CORY

Case: 26-10137   Doc# 42   Filed: 05/05/26   Entered: 05/05/26 15:11:20   Page 1 of 6

## I. Objection

Martha G. Bronitsky, Chapter 13 Trustee in the above referenced matter, opposes confirmation of the Chapter 13 Plan on the following grounds:

* Pursuant to Bankruptcy Local Rule 3015-1, an objection to a plan will be considered an objection to all subsequent versions and amendments until the objection is withdrawn or the objecting party fails to appear at a hearing on confirmation

## (A) Chapter 13 Plan 11 U.S.C. 1322, 1324, 1325 and 1326

☐ (1) The plan fails to provide for submission of all or such portion of future earnings or other future income to the supervision and control of the Trustee as is necessary for execution of the plan. [11 U.S.C.§1322(a)]

Facts:

☐ (2) The plan fails to provide for the full payment, in deferred cash payments, of all claims entitled to priority under 507 of this title [11 U.S.C.§1322(a)]

Facts:

☐ (3) The plan fails to provide for the same treatment of claims classified within a particular class. [11 U.S.C.§1322(a)]

Facts:

☐ (4) The plan unfairly discriminates between a class or classes of unsecured claims. [11 U.S.C.§1322(b)]

Facts:

☐ (5) The plan impermissibly modifies the claim of the creditor secured only by a security interest in real property that is the Debtor's principal residence. [11 U.S.C.§1322(b)]

Facts:

☐ (6) The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 on this title on such date. [11 U.S.C.§1325(a)(4)]

Facts:

☐ (7) The plan is not feasible. Debtor will not be able to make all payments under the plan and comply with the plan. [11 U.S.C.§1325(a)(6)]

Facts:

Case: 26-10137   Doc# 42   Filed: 05/05/26   Entered: 05/05/26 15:11:20   Page 2 of 6

☐ (8) The Debtor has not paid all domestic support obligation as required by 11 U.S.C.§1325(a)(8).

Facts:

☐ (9) The Debtor has not filed all applicable tax returns required by 11 U.S.C. §1325(a)(9)

Facts:

☐ (10) The plan does not provide for the payment of equal monthly amounts to allowed secured claims. [11 U.S.C.§1325(a)(B)(ii)(I)]

Facts:

☐ (11) The plan has not been proposed in good faith [11 U.S.C. 1325(a)(3)] and/or the action of the Debtor in filing the petition was in bad faith. [11 U.S.C.§1325 (a)(7)]

Facts:

☐ (12) The plan provides for payments to creditors for a period longer than five (5) years [11 U.S.C.§1322(d)]

Facts:

☐ (13) With respect to each allowed secured claim provided for by the plan, the plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed amount of such claim. [11 U.S.C.§ 1325(a)(5)(B)(ii)]

Facts:

☐ (14) The plan does not provide for all of the Debtor's projected disposable income ("DMI") to be applied to unsecured creditors under the plan purusant to 11 U.S.C. 1325 (b).

Facts:

☐ (15(a)) Other:

Facts:

☑ (15(b)) Other:   Incomplete/Inaccurate Disclosures

Facts: Schedule I 8a Rental income and expense statement needs to be filed. Schedule A/B No. 1 should specify the type of property for 1.2 and 1.4; No. 34 needs to list an estimated dollar value for the pending lawsuit.

## (B) Local Rules and General Orders

Case: 26-10137   Doc# 42   Filed: 05/05/26   Entered: 05/05/26 15:11:20   Page 3 of 6

☑ (16) Debtor failed to utilize, or failed to properly complete, the Mandatory Form Plan for Chapter 13 cases filed or converted to Chapter 13 on or after January 1, 2023.

Facts: Sections 2.2 and Section 7 of the plan are unanswered. Section 5 class 1 monthly payment column to Selene Finance lists a payment of $0.00. A dollar amount should be listed, or the plan should reference Section 10. Section 6 monthly payment was changed to $0.00. The plan should propose a minimum payment of $15.00. Section 10 states "Debtor may, but is not required to, market and sell the adjacent vacant parcels identified as APN 053-120 056 and APN 053-120-057 (the "Adjacent Parcels")..." If the plan does not propose to sell the adjacent parcels, the additional provision should be removed. "[ ] In addition, the Trustee shall place a demand into escrow sufficient to pay 100% (including applicable trustee fees) on all allowed claims." should be checked. "[ ] Chapter 13 Trustee SHALL make payments on the claims secured by the Property as provided for in this plan until the sale of Property is complete." This provision should be removed if it does not apply. Section 10 should include a provision to turn over non-exempt funds within 2 weeks of receipt regarding pending litigation against NewRez LLC as listed on Schedule A/B No. 33. The signatures dates for both the debtor and attorney are missing the year.

☐ (17) Debtor failed to file and serve a motion to value collateral and obtain an order or has otherwise failed to value collateral as part of or "through" the plan.

Facts:

☐ (18) The plan provision regarding Debtor's Attorney's fees fails to comply with General Order 35 or the existing Guidelines for Payment of Attorney's Fees in Chapter 13 cases.

Facts:

☐ (19) Other:

Facts:

| **II. Motion to Dismiss or Convert Chapter 13 Case** |
|---|

The Trustee seeks dismissal or conversion of this case pursuant to 11 U.S.C. § 1307(c) on the following grounds:

☐ (1) Unreasonable delay by the Debtor that is prejudicial to creditors.

Facts:

☐ (2) Payments to the Trustee are not current under the Debtor's proposed plan.

Facts:

☐ (3) Failure to confirm a plan.

Facts:

Case: 26-10137   Doc# 42   Filed: 05/05/26   Entered: 05/05/26 15:11:20   Page 4 of 6

☐   (4) Failure of the Debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

Facts:

☐   (5) Failure to provide documents and information (Schedules, Statement of Financial Affairs, payment advices, etc...) to the Trustee as required by 11 U.S.C. § 521(a)(1),(3),or (4). [11 U.S.C. § 1307(c); 11 U.S.C. 521].

Facts:

☐ (6) Other cause:

Facts:

## III. Trustee's Recommendation/Analysis

☐   The current plan is not confirmable and an amended plan will be required to be filed.

☐ No confirmable plan can be filed based on the facts of this case.

☐ Other:

***Note: If you have questions, please contact Carolina Urbina by email at curbina@oak13.com.

**WHEREFORE,** the Trustee requests:

☑ That the Trustee's objection to confirmation of the plan be sustained.

☐   That the Trustee's objection to confirmation of the plan be sustained and a bar date to achieve confirmation be set.

☐   That the Debtor's case be dismissed or converted.

    Such other and further relief as the court deems proper.

Date: May 05, 2026                         /s/ Trustee Martha G. Bronitsky
                                             Trustee Martha G. Bronitsky
                                             Chapter 13 Standing Trustee

I HEREBY CERTIFY that I have served a copy of the within and foregoing document on the Debtor, Counsel for Debtor, and if applicable, the Creditor, Creditor representatives and the registered agent for the Creditor by depositing it in the United States Mail with First Class postage attached thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 05, 2026                          /s/ Olga Gonzalez
_____

                                            Olga Gonzalez

Jaime Edward Tellier                        Law Office Of Allan J Cory
12847 Dunbar Rd                             740 - 4Th St
Glen Ellen,CA 95442                         Santa Rosa,CA 94504

Debtor                                      (Counsel for Debtor)