Brandy A. Sargent
California State Bar No. 292586
K&L GATES LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: 503-226-5735
E-mail: Brandy.Sargent@klgates.com

*COUNSEL FOR VB BTS V, LLC*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>Jaime Tellier,<br><br>Debtor. | Case No. 26-10137-DM<br><br>Chapter 13<br><br>SUPPLEMENTAL OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN |

VB BTS V, LLC (as successor in interest to VB BTS II, LLC, together "VB") hereby files this supplemental objection (this "Supplemental Objection") to confirmation of the second amended chapter 13 plan [ECF No. 51] (the "Second Amended Plan") filed by Jaime Tellier (the "Debtor") in the above-referenced matter. This Supplemental Objection is filed in support of and to reassert the objections set forth in VB's *Objection to Confirmation of Debtor's Chapter 13 Plan* [ECF No. 48] (the "Original Objection")[1] and the declarations and exhibits filed contemporaneously therewith. In support of this Supplemental Objection, VB represents to the Court as follows:

**STATEMENT OF FACTS**

1. VB reasserts and incorporates by reference, as though fully set forth herein, all facts pleaded in paragraphs 1 through 14 of the Original Objection.

[1] Capitalized terms used but not defined herein have the meaning given to such terms in the Original Objection.

2. VB timely filed a proof of claim (the "Proof of Claim") against the Debtor's estate, designated as Claim No. 7 on the claims register in this Chapter 13 case, arising from the Debtor's breach of the Easement Agreement.

3. The Debtor filed the Second Amended Plan on June 8, 2026. Section 8 of the Second Amended Plan provides that all property of the Debtor's estate will revest in the Debtor upon confirmation. Section 8 further provides that "Debtor may sell, refinance, or execute a loan modification without prior court approval or order if the Trustee approves the transaction".

4. Section 10.1 of the Second Amended Plan states:

> Debtor shall sell or refinance the real property located at 12847 Dunbar Rd., Glen Ellen, California (the "Property" or "Improved Parcel"). Sale or refinance of the Property shall be completed by August 15, 2026. The fair market value of the Property is estimated at $849,000.00. The following lienholder shall be paid the balance of its allowed secured claim through the close of escrow: Selene Finance, servicing for U.S. Bank Trust National Association. The escrow officer shall act as the distributing agent on the above-referenced claim in lieu of the Chapter 13 Trustee. The Chapter 13 Trustee is entitled to statutory fees for the administration of any portion of the secured claim paid as provided for in the Chapter 13 plan pursuant to 28 U.S.C. § 586(e). The Chapter 13 Trustee shall put a demand into escrow for payment of the statutory fees, and escrow shall not close unless the Trustee's demand and request for production of documents, if any, including the Estimated Seller's Settlement Statement, Preliminary Report, and Certified Final Closing Statement, have been satisfied. In addition, the Trustee shall place a demand into escrow for payment on the balance of any Debtor's attorney's fees approved by the Court and not yet paid through monthly plan payments. In addition, the Trustee shall place a demand into escrow sufficient to pay 100% including applicable Trustee fees on all allowed claims. Chapter 13 Trustee shall NOT make payments on any prepetition arrears or secured claims until the sale or refinance of the Property is complete.

5. Neither of the foregoing provisions nor any other provision set forth in the Second Amended Plan references or preserves the Easements recorded against the Property. Uncertainty therefore exists regarding whether the Debtor or a buyer may attempt to close a transaction involving the Property without properly preserving VB's rights and interests.

**ARGUMENT**

6. VB reasserts and incorporates by reference, as though fully set forth herein, all arguments pleaded the Original Objection.

7. The Second Amended Plan fails to expressly address, cure, or otherwise resolve the objections raised by VB in the Original Objection. The Debtor cannot sell, transfer, or otherwise

dispose of the Property free and clear of VB's Easements without preserving VB's rights therein or providing adequate protection of VB's interests. The Second Amended Plan must therefore recognize and preserve the continued existence, validity, priority, and enforceability of VB's Easements, and the Debtor must provide adequate protection to ensure that VB's rights and interests in the Property are not impaired by confirmation, implementation of the Second Amended Plan, or any sale of the Property. Further, confirmation of any plan of the Debtor should be conditioned upon the preservation of VB's Easements and provide that any sale, refinance, or revesting remains subject to VB's rights and interests in the Property.

8. VB therefore renews the objections set forth in its Original Objection to confirmation of the Second Amended Plan to the extent the Debtor, whether through confirmation of the Second Amended Plan or any subsequent sale of the Property, seeks to revest or sell the Property free and clear of VB's Easements. The Second Amended Plan must expressly preserve VB's interests in the Property or, alternatively, specify how VB will receive adequate protection for those interests. The Second Amended Plan does neither.

9. In addition, the Debtor's proposed payments to the chapter 13 trustee in the amount of $500.00 per month for five months are insufficient to fund the Plan's treatment of VB's Proof of Claim or any adequate protection payments to which VB is entitled on account of its interests in the Property. As proposed, the Plan provides no meaningful mechanism to satisfy VB's allowed claim or to protect VB's property interests during the pendency of the case.

10. For the same reasons, VB likewise renews its objections to confirmation on the grounds that the Second Amended Plan is not proposed in good faith as required by Section 1325(a)(3) of the Bankruptcy Code and is not feasible as required by Section 1325(a)(6) of the Bankruptcy Code.

11. Pursuant to the Court's Order entered at ECF No. 47 and the Court's Chapter 13 Calendar Procedures, VB conferred with counsel for the Debtor and contacted the Office of the Standing Chapter 13 Trustee regarding its objection to confirmation. Despite these efforts, the parties have been unable to resolve VB's objection.

## RELIEF

**WHEREFORE**, VB respectfully requests:

1. That the Court schedule a hearing to consider and resolve the objections set forth in the Original Objection and the Supplemental Objection;

2. That the Court deny confirmation of the Debtor's Second Amended Plan;

3. That the Court order adequate protection to VB for its interests in the Easements and Property; and

4. For such other and further relief as the Court deems just and proper.

Date: July 10, 2026

**K&L GATES, LLP**

*/s/ Brandy A. Sargent*

Brandy A. Sargent
California State Bar No. 292586
K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: 503-226-5735
E-mail: Brandy.Sargent@klgates.com
*Counsel for VB BTS V, LLC*

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is K&L GATES LLP, 10100 Santa Monica Boulevard, 8th Floor, Los Angeles, CA 90067.

On July 10, 2026, I served the document(s) described as: **Supplemental Objection to Confirmation of Debtor's Chapter 13 Plan**.

☒ I checked the CM/ECF docket for this bankruptcy case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Martha G. Bronitsky 13trustee@oak13.com, trusteeCANB1B@ecf.epiqsystems.com
- David Coats dacoats@raslg.com
- Allan J. Cory cory@sonic.net
- Office of the U.S. Trustee / SR USTPRegion17.SF.ECF@usdoj.gov
- Shana Stark sstark@raslg.com
- Sarah Arlene Dooley-Lewis sdooleylewis@raslg.com

on the interested parties in this action by delivering a true copy thereof enclosed in sealed envelope(s) addressed as follows:

**DEBTOR**
Jaime Tellier
12847 Dunbar Road
Glen Ellen, CA 95442

☒ **BY MAIL:** I placed for collection and processing such envelope(s) to be deposited in the mail at Los Angeles, California with postage thereon fully prepaid to the office of the addressee(s) as indicated above. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day, with postage fully prepaid, in the ordinary course of business herein attested to. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 10, 2026, at Los Angeles, California.

/s/ Jonathan Randolph
Jonathan Randolph


Case: 26-10137 Doc# 54 Filed: 07/10/26 Entered: 07/10/26 14:48:53 Page 5 of 5